**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW GROSS III,

    Petitioner,

v.                                             Case No. 08-CV-14851

MICHAEL B. MUKASEY, et al.,

    Respondents.

                                    /

**ORDER OF SUMMARY DISMISSAL**

Pending before the court are Petitioner Andrew Gross's "Petition for Writ of Habeas Corpus By A Person in Federal Custody," pursuant to 28 U.S.C. § 2241, and his "Emergency Motion . . . for Preliminary Injunction and Temporary Restraining Order." His petition alleges that his sentence, comprised of two consecutive terms of imprisonment, constitutes plain error. His motion seeks a transfer from his current prison to a community corrections center. For the reasons stated below, the petition for a writ of habeas corpus will be dismissed.

**I. BACKGROUND**

On February 15, 2003, following Petitioner's guilty plea, he was sentenced to eighty-four months of incarceration. (Pet.'s Mot. at 1.)[1] While serving this sentence, Petitioner pleaded guilty in an entirely separate case. (*Id.*)[2] As a result of this second

---

[1] Case number 01-CR-80769 before Eastern District of Michigan District Judge Denise Hood.

[2] Case number 02-CR-80163 before Eastern District of Michigan District Judge Bernard Friedman.

guilty plea, Petitioner received a sentence of 120 months, to run consecutively to his first sentence. (*Id.*) He subsequently filed a number of petitions and motions before his second sentencing court. (Case # 02-CR-80163, 11/04/08 Order.) Some of these filings were dismissed and some were reinterpreted as successive petitions for habeas corpus under 28 U.S.C. § 2255 and referred to the Sixth Circuit Court of Appeals. (*Id.*) In the end, none of Petitioner's filings were granted.

Petitioner now takes a different route, filing a new petition for habeas corpus under a different statute, 28 U.S.C. § 2241, and before this court, which was not involved in any of Petitioner's prior proceedings or sentencings. He argues that his second sentencing court did not mention United States Sentencing Guideline § 5G1.3(c)[3] in determining that the sentence should run consecutively, which he contends demonstrates plain error. (Pet.'s Mot. at 2-3.)

## II.  STANDARD

"[C]laims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . . and . . . claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999). Petitioner's claim challenges the imposition of his sentence, and therefore is

---

[3] "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

properly filed pursuant to 28 U.S.C. § 2255.  Petitioner, however, titled his petition as one seeking relief under 28 U.S.C. § 2241.

Section 2255 contains a "savings clause" which can, in limited circumstances, permit a petitioner to file a habeas corpus petition pursuant to § 2241 rather than § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis supplied).

The circumstances under which § 2255 might be deemed "inadequate" are narrow, as the "liberal allowance" of the writ under § 2241 would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by 28 U.S.C. § 2244.  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  "A remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate."  *Charles*, 180 F.3d at 756.  The petitioner bears the burden of showing that a § 2255 remedy is inadequate.  *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

Here, Petitioner does not mention, much less argue, that a § 2255 remedy is inadequate.  Nor does Petitioner provide any legal analysis of the remedy available to him under § 2241, beyond including it in his petition's title.  This lack of argument fails to

3

satisfy the "rigorous showing" required to establish that remedies available to him under § 2255 are inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).  Nor does the fact that his prior § 2255 petitions were denied meet the required showing, *Charles*, 180 F.3d at 756, and thus, his petition will be dismissed. Because Petitioner's petition under § 2241 is now dismissed, his pending motion for a preliminary injunction and temporary restraining order is moot.[4]

Accordingly, IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus by a Person in Federal Custody 28 U.S.C. § 2241" [Dkt. #1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Emergency Motion . . . for Preliminary Injunction and Temporary Restraining Order" [Dkt. # 3] is DENIED as moot.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  December 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 31, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[4] The court's cursory review of Petitioner's motion reveals that he seeks relief beyond that sought in his petition which likely should have been brought, in any event, before the court which imposed the sentence he now seeks to alter via his requested injunctive relief.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-14851.GROSS.2241.Dismissal.eew.wpd