**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

ANDREW GROSS,

       Petitioner,

v.                                            Case No: 2:08-CV-14851

UNITED STATES
ATTORNEY GENERAL, et al.,

       Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND DENYING PETITIONER'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On December 31, 2008, this court issued an opinion and order dismissing Petitioner's writ of habeas corpus brought pursuant to 28 U.S.C. §2241. Petitioner has since filed two motions which are now before the court. The first, an application for leave to proceed without prepayment of fees, was filed with Petitioner's habeas petition. The petition was summarily dismissed before the court ruled on that motion however. The second motion seeks leave to proceed *in forma pauperis* motion on appeal. For the reasons stated below, the court will grant the application for leave to proceed without prepayment of fees and deny the motion for leave to proceed *in forma pauperis* on appeal.

As to Petitioner's motion to proceed without prepayment of fees, the Court has reviewed the motion, the affidavit in support, and the financial status information. Based upon that review, the court is sufficiently satisfied that Petitioner's motion should be granted.

Petitioner has also filed an application for leave to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. The court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *See Foster v. Ludwick,* 208 F.Supp.2d 750, 764-65 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous, *id.*, though the court does not require a showing of probable success on the merits. *Foster,* 208 F.Supp.2d at 765.

The same considerations that led the court to dismiss the original 28 U.S.C. § 2241 petition also compel the conclusion that an appeal would not be taken in good faith. Briefly, a federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. §2241 only if it appears that the remedy afforded under §2255 is inadequate or ineffective to test the legality of the petitioner's detention. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). In his prior petition, Petitioner did not mention or even argue that a §2255 remedy would have been inadequate. Petitioner now merely states that his appeal is "in good faith and in pursuit of justice." (Pet.'s Mot. at 1.) He provides no further grounds for his appeal, leaving the court to assume he will reassert his previous, and frivolous, argument for relief under 28 U.S.C. § 2241. The court cannot agree that the appeal is taken in good faith and *in forma pauperis* status will be denied.

2

Accordingly, IT IS ORDERED that Petitioner's "Application for Leave to Proceed Without Prepayment of Fees" [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to Proceed on Appeal *In Forma Pauperis"* [Dkt. #7] is DENIED. The court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that Petitioner's appeal is not taken in good faith, and he may not proceed on appeal *in forma pauperis.*

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2009, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522